**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| HERMAN SMITH,                    }<br>            *Plaintiff*                    }<br>v.                                        }<br>                                          }<br>LYONDELL CITGO REFINING LP AND    }<br>AGENTS DAN SMITH, BILL THOMPSON,  }<br>JIM DANIEL, GREG NEVERMAN, JOHN   }<br>FINCK, LISA MCCORQUODALE, STEVE   }<br>LOTT, STEVE MCCARTHY, LINDA LAMB, }<br>GORDON C. CONTI, CHRIS JEWELL     }<br>            *Defendants* | CIVIL ACTION NO. H-04-0616 |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

Pending before the court is Defendants' motion for summary judgment (Doc. 18). Plaintiff Herman Smith ("Smith" or "Plaintiff") claims Defendant Lyondell Citgo Refining LP and its employees: Dan Smith, Bill Thompson, Jim Daniel, Greg Neverman, John Finck, Lisa Mccorquodale, Steve Lott, Steve McCarthy, Linda Lamb, Gordon C. Conti and Chris Jewell (collectively "LCR" or "Defendants") violated Title VII, committed acts of negligence and gross negligence, and intentionally inflicted emotional distress upon him. For the following reasons, the court **ORDERS** that the motion is **GRANTED**.

**II. RELEVANT FACTS**

Smith began working for LCR in 1980 as a pumper. In 1999, he was terminated for allegedly threatening his co-workers. Smith fought his termination at an arbitration held pursuant to his union's collective bargaining agreement with LCR. Smith prevailed at the arbitration, and the arbitrator ordered LCR to reinstate him in October of 2000. After reinstatement, Smith filed a Title VII lawsuit in this court against LCR. In an opinion dated May 6, 2003, this court granted LCR's motion for summary judgment and dismissed Smith's claim.

In 2002, Smith's behavior deteriorated and he was placed on a "performance track." Aside from incidents related to job performance, Smith's supervisors complained about Smith's uncooperative attitude, which, they explained, bordered on insubordination. On October 28, 2002, after an incident LCR claims could have resulted in the release of toxic chemicals, Smith was suspended from work. Once again, Smith appealed his suspension through the collective bargaining agreement at an arbitration. The arbitrator found the LCR had "good and sufficient cause" to discipline Smith, but reduced the period of suspension to 10 days.

After returning to work, Smith was was involved in another incident. This time, instead of suspending Smith, LCR chose to terminate him. Smith appealed the termination at yet a third arbitration. Both sides were represented by counsel, and witnesses testified to the underlying events. While the arbitrator's opinion was still pending, Smith again filed suit in this court against LCR and its employees. On February 8, 2005, the arbitrator upheld LCR's termination of Smith for "just cause." In part, the arbitrator found that (1) Smith's guilt had been clearly shown; (2) Smith had been dishonest with his supervisor; (3) Smith had not performed his job duties on this and other occasions; and (4) Smith's allegation that his supervisor set him up for termination had no merit.

### III. LAW

### A. Summary Judgment

The movant seeking a federal summary judgment initially must inform the court of the basis for his motion and point out those portions of the pleadings, depositions, answers to interrogatories, and admissions on file that demonstrate the absence of a genuine issue of material fact and show that he is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The movant need not negate the opposing party's claims nor produce evidence showing an absence of a genuine factual issue, but may rely on the absence of evidence to support essential elements of opposing party's claims. International Assoc. of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co., 812 F.2d 219, 222 (5th Cir. 1987). The burden then shifts to the non-movant to set forth specific facts and

competent summary judgment evidence to raise a genuine issue of material fact on each essential element of any claim on which he bears the burden of proof at trial. Fed. R. Civ. P. 56(c). The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The non-moving party may not rest on mere allegations or denials in its pleadings, but must produce affirmative evidence and specific facts. Anderson, 477 U.S. at 256-57. He meets this burden only if he shows that "a reasonable jury could return a verdict for the non-moving party." Id. at 254. A mere scintilla of evidence will not preclude granting of a motion for summary judgment. Id. at 252.

All reasonable inferences must be drawn in favor of the non-moving party. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574. 587-88 (1986), citing United States v. Diebold, 369 U.S. 654, 655 (1962). Once the burden of proof has shifted to the non-movant, he "must do more than simply show that there is some metaphysical doubt as to the material facts." Id. at 586. Instead he must produce evidence upon which a jury could reasonably base a verdict in his favor. Anderson, 477 U.S. at 249. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id., 477 U.S. at 249-50. Moreover the non-movant must "go beyond the pleadings and by her own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial." Webb v. Cardiothoracic Surgery Assoc. of North Texas, P.A., 139 F.3d 532, 536 (5th Cir. 1998). Unsubstantiated and subjective beliefs and conclusory allegations and opinions are not competent summary judgment evidence. Grimes v. Texas Dept. of Mental Health and Mental Retardation, 102 F.3d 137, 139-40 (5th Cir. 1996); Forsyth v. Barr, 19 F.3d 1527, 1533 (5th Cir.), cert. denied, 513 U.S. 871 (1994); Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir.), cert. denied, 506 U.S. 825 (1992). Nor are pleadings summary judgment evidence. Wallace v. Texas Tech University, 80 F.3d 1042, 1046 (5th Cir. 1996), citing Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(*en banc*). The

3

non-movant cannot discharge his burden by offering vague allegations and legal conclusions. Salas v. Carpenter, 980 F.2d 299, 305 (5th Cir. 1992); Lujan v. National Wildlife Fed'n, 497 U.S. 871, 889 (1990). Nor is the district court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998), citing Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 915-16 & n.7 (5th Cir.), cert. denied, 506 U.S. 832 (1992).

## IV.  ANALYSIS

### A. Smith's Title VII Claim

A *prima facie* case of race discrimination is evidence that: (1) plaintiff is a member of a protected class, (2) was qualified for the position, (3) suffered an adverse employment action and (4) was replaced by someone outside the protected class. Pegram v. Honeywell, Inc., 361 F.3d 272, 281 (5th Cir. 2004). "Only a minimal showing is necessary" to satisfy these four elements and create a presumption of discrimination. Bauer v. Albemarle, 169 F.3d 966, 967 (5th Cir. 1999); see also, Nichols v. Loral Cought Sys. Corp., 81 F.3d 38, 41 (5th Cir. 1996) ("to establish a *prima facie* case, plaintiff need only make a very minimal showing").

A plaintiff who succeeds in making a *prima facie* case of race discrimination shifts the burden to the defendant to articulate some legitimate reason for the adverse employment decision. McDonnell-Douglas v. Green, 411 U.S. 792, 802 (1973). If the defendant is successful, the plaintiff must introduce evidence tending to show that the articulated reason is false *or* that the motivating factor for the decision was plaintiff's protected status. Keelan v. Majesco Software, Inc., 407 F.3d 332 (5th Cir. 2005).

For the purposes of this order, the court will assume that Smith has stated a *prima facie* case of race discrimination. The burden then is on LCR to articulate a legitimate reason for Smith's termination. LCR does so successfully by pointing to Smith's documented history of disciplinary problems, including his dishonesty when confronted with his failure to turn off a pipeline valve. LCR's explanation is supported by the arbitrator's finding of just cause. See Graef v. Chemical Leaman Corp., 106 F.3d 112 (5th Cir. 1997) (arbitral award "highly probative"). This

4

finding precludes Smith, absent strong evidence to the contrary, from surviving summary judgment by arguing that LCR's articulated reason is false.

The summary judgment record does not contain sufficient evidence to raise a triable issue of fact whether race was a motivating factor in LCR's decision to terminate Smith. No evidence is attached to Smith's response to defendants' motion for summary judgment. The court, therefore, is forced to rely on Smith's sworn deposition and the evidence Defendants' have produced. At his deposition, Smith articulated four bases for his belief that race played a role in his termination. First, he claimed a statistical disparity in the treatment of blacks at LCR, who, he says, were disciplined more often and more harshly than their white counterparts. Smith Dep. 237:18-20. Smith has not introduced any statistical evidence to support this point. Second, Smith claims LCR changed its code of conduct to give management more flexibility to fire employees without going through specific disciplinary steps. Id. 239:2-9. While this appears to be true, Smith concedes that in his case no steps were skipped. Third, Smith contends LCR has a history of being sued for racial discrimination. Id. 248:11-15. Aside from the negligible probative force of this claim, Smith did not name anyone other than himself who had sued or was suing LCR. Id. 249:8-14. Finally, Smith claims that LCR did not take diversity seriously enough. Id. 250-251. Again, Smith's allegation is unsupported by any evidence in the record. These four arguments, viewed in the light most favorable to Smith, do not merit this case's submission to a jury.

**C. Smith's Retaliation claim**

To survive summary judgment on a retaliation claim plaintiff must make a *prima facie* showing: (1) that the plaintiff engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse action. Banks v. East Baton Rouge Parish Sch. Bd., 320 F.3d 570, 575 (5th Cir. 2003). A "protected activity" is "opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII." Ackel v. National Communications Inc., 339 F.3d 376, 385 (5th Cir. 2003) (quoting Green v. Administrators of the Tulane Educational Fund, 284 F.3d 642, 657 (5th Cir.

5

2002). At the summary judgment stage, to satisfy the causation element the plaintiff "must produce some evidence of a causal link between the protected activity and the adverse employment action." Ackel, 339 F.3d at 385 (citing Fierros v. Tex. Dep't of Health, 274 F.3d 187, 191 (5th Cir. 2001)). In determining whether plaintiff's protected activity caused the adverse employment action, the "focus is on the final decision maker." Id. (quoting Gee v. Principi, 289 F.3d 342, 346 (5th Cir. 2002)).

Here, Smith has not produced any evidence tying his protected activities to his termination. The arbitral record makes clear, moreover, that LCR had just cause to terminate Smith for his poor job performance.  In order to survive summary judgment Smith must cite more than a temporal proximity between his filing of an EEOC charge and his dismissal.  He has not done so, therefore summary judgment is proper on his retaliation claim.

**D. Smith's Negligence and Intentional Infliction of Emotional Distress Claims**

Smith's negligence and intentional infliction of emotional distress claims both fail. The first is barred by the Texas Workers Compensation Act, Walls Reg'l Hosp. v. Bomar, 9 S.W.3d 805, 806 (Tex. 1999), the second fails because Smith cannot meet his burden of showing that LCR's behavior was extreme and outrageous.  Twyman v. Twyman, 855 S.W.2d 619, 621 (Tex. 1993).

**V. CONCLUSION**

For the aforementioned reasons, the court **ORDERS** that Defendants' motion for Summary Judgment is **GRANTED**.  Plaintiff's claim is **DISMISSED**.

**SIGNED** at Houston, Texas, this 9th day of March, 2006.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE